IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMA-GABRIELE M. DUMONT-DEMIRSU, § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CAUSE NO. 4:21-cv-0585 |
| § | | |
| LDC, LLC, § | | |
| Defendants. § | | A Jury is Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Summary of Lawsuit

An employee asserted her right to be paid overtime and to have her time recorded correctly, as required by law. In response to this protected conduct, her employer terminated her. Defendant failed to pay Plaintiff overtime pay at time-and-a-half of her hourly rate as required by law and did not pay her for more than forty hours per week even when she worked more than forty hours per week. When Plaintiff protested the failure to pay and the removal of hours over forty from her time records, Defendant LDC, LLC, ("LDC"), summarily terminated her from employment. Defendant's actions clearly violated provisions of the Fair Labor Standards Act, 29 U.S.C.

§§215 (a), 216(b) ("FLSA").  Plaintiff seeks to recover damages resulting from Defendant's illegal pay practices and retaliatory termination.

## Facts Supporting Relief

## Allegations Related to Plaintiff's Claims

1. On August 3, 2020, LDC, LLC hired Plaintiff Emma-Gabriele M. Dumont-Demirsu, ("Ms. Demirsu or Plaintiff"), to work as a field technician.

2. In that position, Ms. Demirsu travelled around the county and surrounding area locating pipelines, marketing for the company, and servicing gas meters.

3. During her employment with the LDC, Ms. Demirsu sometimes worked more than 40 hours per week.

4. LDC did not pay Ms. Demirsu overtime pay for hours worked in excess of 40 as is required by the FLSA.

5. LDC did not record all of Ms. Demirsu's hours properly, despite her requests.

6. LDC did not count hours that Ms. Demirsu engaged in errands or other duties as assigned by her supervisors.

7. Ms. Demirsu complained to LDC that her hours were being modified and reduced.

8. LDC changed Ms. Demirsu's time records multiple times during her employment.

9. Ms. Demirsu complained about her hours being shorted and the failure to pay her correctly in January 2021.

10. LDC terminated Ms. Demirsu on January 13, 2021, following her complaints regarding the illegal pay practices of LDC.

11. LDC did not have a legitimate business reason for termination because Ms. Demirsu was carrying out her duties in a satisfactory manner.

12. But for Ms. Demirsu's comments and questions regarding her time and the illegal pay practices of LDC, LDC would not have terminated her.

## **Allegations Regarding FLSA Coverage**

13. LDC, LLC is a Texas limited liability company that was Ms. Demirsu's employer and is covered by and subject to the requirements of the FLSA for the reasons stated in this section.

14. During each of the two years prior to this complaint being filed, LDC was an enterprise engaged in interstate commerce, purchased materials through commerce, transported materials through commerce and on the interstate highways, conducted transactions through commerce, which

included the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

15. During each of the two years prior to this complaint being filed, LDC regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

16. During each of the two years prior to this complaint being filed, LDC conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

17. During each of the two years prior to this complaint being filed, LDC's employees used goods, tools, equipment or materials that traveled in interstate commerce, that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

## CAUSES OF ACTION

### First Cause of Action

### **Violation of the FLSA – Failure to Pay Wages Owed**

18. Ms. Demirsu incorporates by reference all factual allegations into this cause of action.

19. Based on the foregoing, LDC violated the FLSA by failing to properly compensate Ms. Demirsu for overtime work she performed while employed.

20. Ms. Demirsu has suffered damages as a direct result of LDC's illegal actions.

21. LDC is liable to Ms. Demirsu for unpaid overtime compensation, liquidated damages, attorney's fees, and costs of Court under the FLSA, for which Ms. Demirsu now sues.

### **Second Cause of Action**

### **Violation of the FLSA – Unlawful Retaliation**

22. In protesting LDC's illegal actions with regard to her pay and timekeeping, Ms. Demirsu engaged in conduct protected under the FLSA.

23. LDC retaliated against Ms. Demirsu for engaging in protected conduct by terminating her employment.

24. But for Ms. Demirsu's protected conduct, LDC would not have terminated her employment.

24. As a result of LDC's retaliatory actions, Ms. Demirsu has suffered damages, for which she seeks compensation in this lawsuit.

26. Ms. Demirsu seeks actual damages in the form of loss of income due to the unlawful termination, and liquidated damages based on those damages. Ms. Demirsu is also entitled to recover compensation for consequential damages, including mental anguish, that she suffered due to the LDC's actions. LDC's actions have created a cycle of uncertainty and seriously affected Ms. Demirsu's financial situation. Finally, Ms. Demirsu seeks recovery of exemplary damages due to the intentional and outrageous conduct of the LDC in unlawfully terminating her employment.

## Jurisdiction and Venue

27. Ms. Demirsu is a resident of the Southern District of Texas, Houston Division, and carried out her duties for LDC within this district.

28. Defendant LDC, LLC, is a Texas limited liability company and an "employer" as defined by the FLSA. This Defendant may be served through its registered agent, Larry D. Corley, 19926 Keenan Cut Off Rd., Montgomery, Texas 77316, or wherever he may be found.

29. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff

6

transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

30.  Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff seeks:

1. Judgment against LDC for an amount equal to unpaid overtime wages at the applicable rate for Ms. Demirsu;
2. Judgment against LDC for an amount equal to unpaid overtime wages as liquidated damages;
2. Judgment against LDC for loss of income and consequential damages;
3. An equal amount to the loss of income damages as liquidated damages;
4. Exemplary damages as may be awarded by the trier of fact;
5. All costs and attorney's fees incurred prosecuting these claims; and
6. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Thomas H. Padgett, Jr.*
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgett@buenkerlaw.com
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone

713-683-9940 Facsimile

**ATTORNEYS FOR PLAINTIFF**